IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-61-BO

| | |
|---|---|
| MARY H. HARRIS and, <br> BRENT D. HUNTER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY <br> COMPANY and TERI LAROCCA <br> INSURANCE AGENCY, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    O R D E R <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the Court on the plaintiffs' motion to remand [DE 7]. For the reasons stated herein, the plaintiffs' motion is DENIED.

## BACKGROUND

The plaintiffs filed their complaint in Wake County Superior Court on December 19, 2012. This matter was removed to federal court on January 28, 2013. The plaintiffs moved to remand this matter to state court on February 22, 2013.

This matter concerns the plaintiffs' State Farm homeowner's insurance policy. Defendant Teri LaRocca Insurance Agency served as the insurance agent for this policy. In May, 2011, the plaintiffs' home was damaged by severe thunderstorms. Following these storms, the plaintiffs submitted loss claims to State Farm. As part of its claim processing procedure State Farm sent its agents and/or adjusters to inspect the home and assess the damage. Plaintiffs allege that this inspection was conducted negligently to the extent that it did not discover the full extent of the damage caused to the home. As a result, the plaintiffs allege that the defendants' have failed to comply with the terms of the policy and have refused to provide adequate coverage.

1

## DISCUSSION

The plaintiffs ask that the Court remand this case to Wake County Superior Court because this suit does not meet the requirements for federal diversity jurisdiction. Diversity jurisdiction requires both an amount in controversy exceeding $75,000, and absolute diversity of citizenship between plaintiffs and defendants. 28 U.S.C. § 1332 (2005). In this case plaintiffs are citizens of North Carolina and have alleged that the Teri LaRocca Insurance Agency, Inc. (TLIA) is incorporated and located in the same state. The defendants counter that TLIA is fraudulently joined in this matter for the purpose of destroying diversity and precluding this Court from presiding over the matter.

I. TLIA HAS BEEN FRAUDULENTLY JOINED AND ITS PRESENCE IN THE SUIT DOES NOT DESTROY DIVERISTY FOR PURPOSES OF FEDERAL DIVERSITY JURISDICTION.

When parties have been fraudulently joined, diversity jurisdiction may be found notwithstanding the shared citizenship of certain plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party opposing remand on a fraudulent joinder theory must demonstrate that either: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdiction facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)(internal quotation marks omitted). In evaluating the propriety of a remand the court is not confined to the pleadings presented to it, but may consider the entire record available to it. *AIDS Counseling & Testing Ctr.'s v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). The Fourth Circuit has made it clear that a defendant

2

> Alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) . . . Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424-26 (4th Cir. 1999) (citations omitted). In considering a motion to remand the Court keeps in mind that a plaintiff's right to select his forum trumps a defendant's right to remove. *Griffin v. Holmes*, 843 F.Supp. 81, 84 (E.D.N.C. 1993). However, the role of the plaintiff as the "master of the complaint" must be balanced against "the fact that courts must be cautious in denying defendants access to a federal forum since under 28 U.S.C. § 1447(d), remand orders are generally not reviewable." *McKinney v. Bd. of Tr. of Maryland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992).

Here, the defendants alleged that the plaintiffs cannot maintain a claim against TLIA and, therefore, its presence in the lawsuit should be ignored for diversity purposes. To support their argument the defendants rely on two cases: *Selvaggi v. Prudential Prop. & Casualty Insurance Co.*, 871 F.Supp. 815 (E.D.Pa. 1995) and *Poston v. Bankers Life and Casualty Company*, 2010 WL 4638566 (D.S.C. 2010) (unpublished). In both of those cases the respective court found that claims could not be maintained against a non-diverse insurance agent. On the other hand, the plaintiffs have cited some North Carolina cases wherein a plaintiff was allowed to proceed against an insurance agent after that agent had failed to secure the requested coverage. *See Elam v. Smithdeal Realty & Ins. Co.*, 182 N.C. 599 (1921). The Court finds that the instant factual allegations are similar to the fact patterns set forth in both *Selvaggi* and *Poston* and agrees with the reasoning of those district courts.

In *Selvaggi* the plaintiff attempted to bring breach of contract and negligence claims against his insurance agent after his fire loss claims were denied. The insurer denied the

3

insured's claims due to a suspicion that Mr. Selvaggi had been the cause of the fire. Dispositive to the court's decision was the fact that it was not a lapse or deficiency in coverage that lead to the plaintiff's claim, but a factual dispute– the origin of the fire – between the insurer and the insured that gave rise to the case.

In *Poston*, the insurance agent sold a Bankers Life policy to the plaintiff that offered coverage if the plaintiff became "chronically ill." Prior to purchasing the insurance, the plaintiff asked if the policy covered dementia and the agent assured her that it did. However, after being diagnosed with dementia, the plaintiff was denied benefits. The plaintiff brought suit and attempted to bring claims for negligent misrepresentation and unfair and deceptive trade practices against the agent. The district court found that plaintiff could not maintain an action against the insurance agent because he had not been mistaken – dementia was listed in the policy. Bankers Life's determination that the plaintiff's dementia diagnosis did not fit within its definition of "chronically ill" was outside the insurance agent's control.

Here, the acts complained of by plaintiff were also outside of the agent's control. As in *Selvaggi* and *Poston*, the crux of this case is not the adequacy of the coverage provided by the plaintiffs' policy with State Farm, but the manner in which State Farm has carried out its contractual duties to the policyholder. In *Elam*, the case cited by plaintiffs, the insurance agent assured the insured that he was protected against a certain type of risk – auto collision – when in fact he was not. 182 N.C. 599 (1921). It is not disputed that where an agency has failed to secure the proper coverage as it was requested by the insured that insured may be able to maintain a claim against the agent. However, that is not the scenario presented to the Court in this action. Because the plaintiffs' do not have a glimmer of hope in maintain their action against TLIA it is proper to deny their motion for remand.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

A defendant seeking to remove a case to federal court on diversity jurisdiction grounds must show that the amount in controversy exceeds $75,000. *See* 14C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3725 (3d. 1998). Generally, the Court must confine its evaluation of the amount in controversy to the amount that is apparent from the pleadings in the matter. *Am. Fire and Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). The amount claimed by the plaintiffs, rather than the amount that will be recovered, is the appropriate amount to consider when making this jurisdictional evaluation. Further, the amount claimed includes compensatory damages, punitive damages, and, where allowable, attorneys' fees to the extent claimed by the plaintiff. *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240 (1943). Additionally, where damages are not apparently clear from the face of the complaint a plaintiff's stipulation, or failure to stipulate, to damages in a certain amount can influence the Court's decision regarding the jurisdictional amount in controversy. *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 46 (1996).

Here, the plaintiffs' complaint has stated six causes of action. For each cause of action the plaintiffs requested relief in an amount in excess of $10,000. For their cause of action under North Carolina's Unfair and Deceptive Trade Practices Act the plaintiffs requested that their damages be trebled. For each cause of action the plaintiffs also request an award of attorneys' fees. Further, the plaintiffs request separate awards of punitive damages. There is also evidence to suggest that plaintiffs have refused to sign a stipulation limiting their damages to an amount less than $75,000. Regardless of their failure to stipulate to an amount in controversy, the plaintiffs' complaint states a claim for damages exceeding $80,000 in damages. As such, it is clear that the jurisdictional threshold of an amount in excess of $75,000 has been met and exceeded.

5

## CONCLUSION

For the foregoing reasons, the plaintiff's motion is DENIED.

SO ORDERED.

This the 2nd day of July, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6